UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY RICHARDSON,

    *Plaintiff*,

v.

NATHAN FALK,

    *Defendant*.[1]

Case No. 2:23-cv-10488

Terrence G. Berg
United States District Judge

Patricia T. Morris
United States Magistrate Judge

### ORDER DENYING PLAINTIFF'S MOTION TO LIST SUBPOENAED WITNESSES/EVIDENCE (ECF No. 26), GRANTING DEFENDANT'S MOTION TO COMPEL (ECF No. 27) and DENYING PLAINTIFF'S MOTION TO ORDER DEFENSE TO PRODUCE EVIDENCE (ECF No. 29)

Plaintiff filed the operative Amended Complaint (Complaint) in this matter on July 11, 2023. (ECF No. 13.) Broadly stated, his Complaint alleges violations of his constitutional rights for Defendant's failure to address his serious medical needs, i.e., his heart condition.

Plaintiff moves the Court to list subpoenaed witnesses/evidence (ECF No. 26) although "listing" is not a form of relief that courts can provide. In addition, instead of filing a response to Defendant's motion, Plaintiff filed a motion to order defense to produce evidence. (ECF No. 29.) In this motion, Plaintiff again argues

---

[1] Other Defendants were dismissed from this action on May 15, 2023. (ECF No. 7.)

1

that Defendant "will not be taking everything they want and giving nothing in return." (ECF No. 29, PageID.128.)  This may be a tool of negotiation, but courts do not engage in such this for that rulings. Since this motion reiterates arguments made in Plaintiff's earlier motion (ECF No. 26), they will be considered together.

Looking underneath his label, it appears that Plaintiff would like the court to order Defendant to conduct depositions and produce additional evidence in the form of responses to subpoenas and responses to interrogatories. Plaintiff has not filed a proper motion to compel and the instant motion could be denied for that reason alone. Defendant has responded to the motion as if it were a motion to compel and argues that any such motion should be denied. .(ECF No. 28) Defendant first notes that, as to depositions, Plaintiff has not complied with Fed. R. Civ. P. 30(b)(3)(A)'s requirement that a court reporter be retained prior to conducting a deposition. Defendant makes a sound argument here and even if Plaintiff had filed a proper motion, it should be denied on this ground alone. As to the additional evidence and interrogatories, Defendant indicates that he did respond to the subpoena and attached an exhibit showing the response. (ECF No. 28, Ex. 2.) In addition, Plaintiff has never indicated to Defendant that his response was insufficient nor was any motion to compel filed. (ECF No. 28, PageID.111.) Finally, Defendant responds that Plaintiff has not served any interrogatories on Defendant , so there is

2

nothing the court could order Defendant to respond to. I therefore find that Plaintiff's motion, as filed and even if construed as a proper motion, should be denied.

Defendant moves to compel Plaintiff to sign authorizations to allow Defendant access to his medical records within the period relevant to this case. (ECF No. 27.) Defendant argues that Plaintiff has placed his medical history at issue and that they are relevant and discoverable. (ECF No. 27, PageID.95-96.) Attached to the motion are Plaintiff's responses to Defendant's two requests. (ECF No. 27, PageID.100, 104.) Plaintiff scribbled a response of sorts on the request and indicated that he would sign the authorization "once you give me all the evidence I request" "that's only fair." (ECF No. 27, PageID.105.) Plaintiff does not contend that the authorizations seek irrelevant or privileged information.

Since Plaintiff's lawsuit focuses on the medical attention he was given for his heart condition, he has placed his medical health at issue in the instant case thereby providing cause for Defendant to seek access to Plaintiff's medical records. See, *Schuh v. Clayton*, 2021 WL 4894698, at *2 (E.D. Mich. Oct. 20, 2021); *Equal Employment Opportunity Comm'n v. Proctor Financial, Inc.*, 2020 WL 13729965, at *2 (E.D. Mich. May 19, 2020). Therefore, it is appropriate for the Court to Order Plaintiff to execute and return to Defendant the requested HIPAA compliant authorizations on or before **Friday, April 5, 2024.**

For all the above reasons, Defendant's motion **(ECF No. 27) is GRANTED** and Plaintiff's motions **(ECF No. 26 and 29) are DENIED.**

IT IS SO ORDERED.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date:  March 13, 2024                           s/ Patricia T. Morris
                                                Patricia T. Morris
                                                United States Magistrate Judge