UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY RICHARDSON,   Case No. 2:23-cv-10488

   *Plaintiff*,   Susan K. DeClercq
v.   United States District Judge

NATHAN FALK,   Patricia T. Morris
   United States Magistrate Judge
   *Defendant*.
_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO DISMISS (ECF No. 32)**

I.   **RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that defendant Nathan Falk's motion to dismiss (ECF No. 32) be **GRANTED IN PART AND DENIED IN PART**. Specifically, Falk's request for dismissal because of plaintiff Larry Richard's refusal to sit for a deposition should be **DENIED**, but Falk's alternative request to amend the scheduling order should be **GRANTED**.

If adopted, the scheduling order should be amended to reopen discovery for a period of forty-five days from its entry. After the expiration of this discovery period, the parties should be permitted a period of thirty days to file dispositive motions.

1

## II. REPORT

### A. Background

This is a prisoner civil rights action under 42 U.S.C. § 1983. Richardson alleges that Falk, a corrections officer, delayed his access to healthcare after Richardson complained of chest pains. (ECF No. 13). Under the current scheduling order, discovery was due by April 26, 2024, and dispositive motions were due by May 30, 2024. (ECF No. 21).

Falk filed the instant motion after Richardson walked out of his May 9, 2024, deposition.[1] (ECF No. 32, PageID.31–32). Richardson did so after asking to watch video evidence in Falk's possession both before and during the deposition. (*Id.* at PageID.142 (citing ECF No. 32-6)). Falk, however, has provided the Court with a transcript of the deposition of Dana Gonzalez—an administrative assistant at the Carson City Correctional Facility—wherein she testifies that she allowed Richardson to view the video evidence prior to his deposition. (ECF No. 32-5, PageID.187). Falk now moves for dismissal under Federal Rule of Civil Procedure 41(b), citing Richardson's refusal to cooperate in the discovery process. (ECF No.

---

[1] Falk first attempted to depose Richardson on April 11, 2024; however, he agreed to postpone the deposition after "Richardson indicated that he felt unprepared to be deposed because he had not received his footlocker from the Cotton Correctional Facility." (ECF 32, PageID.141 (citing ECF No. 32-3)).

32). In the alternative, Falk moves to amend the scheduling order and for the Court to order Richardson to sit for a deposition. (*Id.*).

## B. Legal Standard

Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failure to comply with procedural requirements." *Tetro v. Elliot Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). Further, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* at 992.

## C. Analysis

When considering a 41(b) motion, the district courts in this circuit must consider the following four factors:

3

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Here, on balance, these factors weigh against dismissal.

Richardson and Falk appear to agree that Richardson still needs to sit for a deposition. It is understandable that Richardson would like an opportunity to view the video evidence in Falk's possession before he sits for a deposition. Based on the parties' filings, there appears to have been a dispute at Richardson's May 9, 2024 deposition over this issue that led to Richardson walking out of that deposition. Falk has assured the Court that he will provide Richardson with an opportunity to view the video evidence before a future deposition. (ECF No. 38, PageID.219).

Under these circumstances, the Undersigned that factors two and four weigh against dismissal. Falk appears to agree that any prejudiced caused could be remedied through amendment of the scheduling order and Richardson's cooperation at a new deposition. Amending the scheduling order is a less drastic sanction that the Court has not yet considered. Further, the Court has not yet clearly warned Richardson that his refusal to sit for a deposition could lead to the dismissal of his case. Thus, factor three also weighs against dismissal. Given the Undersigned's

4

findings on factors two through four, it need not consider whether Richardson's behavior constituted "willfulness, bad faith, or fault" under the first factor. *Id.* In sum, it is recommended that Falk's request for dismissal be denied, but that his alternative request for amendment of the scheduling order be granted.

The Undersigned will also take this opportunity to note that a party's "*pro se* status, in and of itself, does not entitle[] him to disregard the federal or local rules, or the orders of this court." *Sandweiss Law Ctr., P.C. v. Bunting*, No. 2:07-CV-10099, 2007 WL 1084565, at *1 (E.D. Mich. Apr. 11, 2007). If Richardson does not appear and fully participate at this next deposition, he is cautioned that he may face sanctions including the dismissal of his lawsuit. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi); Fed. R. Civ. P. 41(b).

### D. Conclusion

For these reasons, **IT IS RECOMMENDED** that Falk's motion to dismiss (ECF No. 32) be **GRANTED IN PART AND DENIED IN PART**. Specifically, Falk's request for dismissal because of Richardson's refusal to sit for a deposition should be **DENIED**, but Falk's alternative request to amend the scheduling order should be **GRANTED**.

If adopted, the scheduling order should be amended to reopen discovery for a period of forty-five days from its entry. After the expiration of this discovery period, the parties should be permitted a period of thirty days to file dispositive motions.

**III. REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R.

Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 10, 2024          s/ PATRICIA T. MORRIS
                                                                         Patricia T. Morris
                                                                         United States Magistrate Judge