UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY RICHARDSON
  #361621,

NO. 2:23-cv-10488

    Plaintiff,

HON. SUSAN K. DeCLERCQ

v

NATHAN FALK,

MAG. JUDGE PATRICIA T.
  MORRIS

    Defendant.

_____

| | |
|---|---|
| Larry Richardson #361621<br>*In Pro Per*<br>St. Louis Correct. Facility<br>8585 N. Croswell Rd.<br>St. Louis, MI  48880 | John L. Thurber (P44989)<br>Assistant Attorney General<br>Attorney for Defendant<br>Mich. Dept. of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-3055<br>thurberj@michigan.gov |

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S DISPOSITIVE MOTION (ECF 32) AND
RESPONSE TO PLAINTIFF'S SUMMARY JUDGEMENT
MOTION AND REBUTTAL TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (ECF 48)**

## CONCISE STATEMENT OF ISSUES PRESENTED

1.   Should this Court deny Richardson's motion because he seeks relief that is not warranted and that he did not request either in his complaint or in his deposition?

2.   Should this Court deny Richardson's request to deny Falk's motion for summary judgment because it is premature?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

*Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119 (1977)

*Turner v. Safley*, 482 U.S. 78 (1987)

18 U.S.C. § 3626

i

## STATEMENT OF FACTS

The Plaintiff, Larry Richardson, is an inmate under the jurisdiction of the Michigan Department of Corrections (MDOC). (Exhibit A.) As of January 8, 2025, the MDOC housed Richardson at the St. Louis Correctional Facility (SLF). The Defendant, Nathan Falk, was a corrections officer at SLF at the time of the incident set forth in Richardson's amended complaint. (ECF No. 13, PageID.45, 48.)

Richardson alleges in his amended complaint that Falk acted with deliberate indifference towards him in violation of the Eighth Amendment and the Fourteenth Amendment. (ECF No. 13, PageID.49.) Richardson sued Falk in his individual and official capacities. (ECF No. 13, PageID.49.)

On May 29, 2024, Falk filed a motion to dismiss. (ECF No. 32, PageID.135-205.) This Court subsequently granted in part and denied in part Falk's motion on October 7, 2024. (ECF No. 40, PageID.228-229.)

This Court entered an amended case management order on October 9, 2024. (ECF No. 41, PageID.230-231.) Dispositive motions

1

are due on January 28, 2025. Falk has not yet filed a dispositive motion.

At his deposition on November 21, 2024, Richardson explained that he sought money damages. (Richardson Dep. 19:19-20:4.)[1] Richardson also indicated that the injunctive relief he sought was to have Falk terminated or disciplined and he sought to be moved to another facility away from Falk. (Richardson Dep. 20:5-21:2.)

On December 26, 2024, this Court entered Plaintiff's Response to Defendant's Dispositive Motion and Summary Judgment Motion by Plaintiff and Rebuttal to Def. Motion for Summary Judgement. (ECF No. 48, PageID.266-274.) In his response, Richardson requests this Court order the MDOC to transfer him to a different facility, order the MDOC reduce his custody level to security level II, order the MDOC to return various items of property, and order the MDOC to transfer him to the Macomb Correctional Facility. (ECF No. 48, PageID.274.) Additionally, Richardson under a section titled "Summary Judgement Requested" requests this Court to order the MDOC to release him, requests this Court to order the parties to mediation, and requests this

---

[1] Richardson's deposition transcript is Exhibit B.

2

Court to deny any motion for dismissal or summary judgment.  (ECF

No. 48, PageID.274.)  Falk now submits his response.

## ARGUMENT

**I.     This Court should deny Richardson's motion because he seeks relief that is not warranted and that he did not request either in his complaint or in his deposition.**

As noted above, Richardson seeks injunctive relief.  This Court

should reject Richardson's request for injunctive relief.

The injunctive relief is unwarranted.[2]  Nathan Falk is the only

Defendant to this action.  Falk acknowledges that Richardson sued him

in his official capacity.  However, the injunctive relief that Richardson

seeks from Falk is not available.  As a corrections officer, Falk cannot

provide any of the relief that Richardson seeks.  Falk cannot transfer

Richardson, reduce his security level, or release him from prison.  The

MDOC is not a party to this case.  Moreover, the relief that Richardson

seeks is well beyond the scope of this lawsuit.

---

[2] Falk concedes the Court could order the parties to mediation.
However, at this stage of the litigation Falk believes that mediation
would not be productive.

Furthermore, a finding that Richardson is entitled to injunctive relief would involve the Court in the day-to-day operations of the MDOC.  The Supreme Court has consistently held that courts should not involve themselves in day-to-day prison operations.  Prison administrators, not the courts should be able to "make the difficult judgments concerning institutional operations in situations such as this."  *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 128 (1977); *Turner v. Safley*, 482 U.S. 78 (1987).  Any injunctive relief the Court might order would run afoul of the Supreme Court's holdings in *Jones* and *Turner*.

If this Court does determine that some sort of injunctive relief is appropriate the Court must keep in mind 18 U.S.C. § 3626 provides:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

4

Thus, any injunctive relief this Court might consider must be narrowly tailored and be the least intrusive means to correct a violation of a federal right.

Finally, it would be inappropriate for this Court to order injunctive relief that Richardson did not request until he filed the instant motion.  Richardson did not request the relief he now seeks in his complaint.  Moreover, Falk's counsel asked Richardson about his injunctive relief claims at his deposition and Richardson said that the only injunctive relief he sought was for Falk to be disciplined and that he be separated from Falk.  (Ricardson Dep. 20:5-21:2.)  Richardson cannot now at the eleventh-hour request injunctive relief that he never previously asked for.  Thus, this Court should deny Richardson's request for injunctive relief.

## II.   This Court should deny Richardson's request to deny Falk's motion for summary judgment because it is premature.

Richardson asks this Court to deny any motion for dismissal or summary judgment that Falk might file.  (ECF No. 48, PageID.274.)  This Court should deny that request because it is premature.

5

Falk has not filed a dispositive motion.  The deadline for both parties to file dispositive motions is January 28, 2025.  Accordingly, it would be premature for this Court to deny a motion Falk has not filed yet.

## CONCLUSION AND RELIEF REQUESTED

Falk requests this Court to deny Richardson's motion because he seeks relief that is not warranted and was not requested in his amended complaint or referenced his deposition.  Additionally, Falk requests this Court to deny Richardson's motion because his request to deny Falk's motion for summary judgment is premature.

Respectfully submitted,

*/s/ John L. Thurber*
John L. Thurber (P44989)
Assistant Attorney General
Attorney for Defendant
Mich. Dept. of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055
thurberj@michigan.gov

Dated:  January 9, 2025

6

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel and placed same in the U.S. mail to the following non-ECF participant:

Larry Richardson #361621
*In Pro Per*
St. Louis Correct. Facility
8585 N. Croswell Rd.
St. Louis, MI  48880

/s/ *John L. Thurber*
John L. Thurber (P44989)
Assistant Attorney General
Attorney for Defendant

7