U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

5

RICHARDSON,
LARRY,
#361621
    PLAINTIFF

NO. 2:23-CV-10488

V.,
NATHAN FALK
    DEFENDANT

POOR QUALITY ORIGINAL

F I L E D
JAN 2 3 2025
CLERK'S OFFICE
DETROIT

REPLY TO DEFENDANT'S RESPONSE TO PLANTIFF'S RESPONSE
TO DEFENDANT'S DISPOSITIVE AND SUMMARY JUDGEMENT MOTION,
AND MOTION TO HOLD PLANTIFF'S SAID RESPONSE/MOTION IN
ABBEYANCE UNTIL DEFENDANT FILES SAID MOTIONS TO RESPOND TO

PLANTIFF MOVES THIS HONORABLE COURT TO HOLD PLANTIFF'S
RESPONSIVE/MOTIONS FILED IN ABBEYANCE UNTIL DEFENSE HAS
FILED DISPOSITIVE AND SUMMARY JUDGEMENT MOTION THEREBY
DELAYING THIS COURTS RULING ON PLANTIFF'S MOTION UNTIL SAID
TIME: FOR FOLLOWING REASONS

① PLANTIFF IS HOUSED IN DEFENDANT'S UNIT DIRECTLY UNDER HIS
SUPERVISION AFTER HE CAUSED THE PLANTIFF'S DEATH
TWICE.

③ THE DEFENDANT AND HIS CO-WORKERS HAVE CONFISCATED LEGAL WORK,
EVIDENCE AND LEGAL MAIL IN THIS LAWSUIT-INTERFERING WITH THE
LITIGATION OF THIS CASE AND IMPEEDING ACCESS TO THIS COURT

③ THE DEFENDANT AND CO-WORKERS HAS TAKEN PROPERTY OF PLANTIFF,
TICKETED AND SEGREGATED PLANTIFF MULTIPLE TIMES SINCE HIS BEING
HOUSED UNDER THE DEFENDANT'S CARE
THE PLANTIFF HAS TO PREPARE AND MAIL LITIGATION IN THIS CASE
WHEN DEFENDANT AND HIS PARTNERS-IN-CRIME AREN'T WORKING
OR IT'LL BE TAKEN AND DESTROYED. HENCE THE EARLY FILINGS
AND THE REQUEST TO BE SEPARATED/TRANSFERED.
FOR ALL LISTED REASONS ABOVE, THE PLANTIFF PRAYS THIS COURT
GRANTS THE ABOVE-LISTED MOTION,

ARGUMENT RESPONSE TO DEFENDANT'S ARGUEMENT
① AGIAN FOR ABOVE LISTED REASON IN ADDITION TO THE
FOLLOWING REASON ALL INJUNCTIVE RELIEF REQUESTED IS
WARRANTED AND MUST BE GRANTED AS A MEANS OF INTER-

2) SINCE M.D.O.C. IS ALREADY INVOLVED, THE DEFENDANT IS UTILIZED AS EVIDENCED BY THE DEFENDANT BEING "REPRESENTED" BY M.DOC'S LAWYER AND M.D.O.C. BEING THE PARTY WHO'D BE COMPENSATING THE PLANTIFF FOR ACCRUED DAMAGES OR SETTLEMENT; IT IS MORE THAN POSSIBLE/PLAUSIBLE FOR REQUESTED INJUNCTIVE RELIEF TO BE GRANTED BY DEFENSE AND IT'S <u>PRINCIPLE</u>: SO IT IS WITH-IN THE DEFENSES POWER; ESPECIALLY IF PLANTIFF IS WILLING TO WAIVE ANY MONETARY DAMAGES TO ACCEPT AND OB-TAIN ONLY THE REQUESTED INJUNCTIVE RELIEF. ESPECIALLY SINCE THE $500,000,000.00 PRICE TAG LANDED THIS CASE ON THE DESK OF THOSE STATE OFFICIALS THAT ACTUALLY MATTERS.

3) THIS COURT AND THE ASSISTANT ATTORNEY GENERAL THAT REPRESENTS THE DEFENDANT HAS A CIVIC DUTY AND CONSTITUTIONAL OBLIGATION TO PROTECT, DEFEND AND PRESERVE THE LIVES OF ALL CITIZENS AND EMPLOYEE OF GOVERNMENT. FACTS AND WORST CASE SCENARIO ("<u>NOT A THREAT</u>" THE PLANTIFF IS HOUSED IN THE DEFENDANT'S UNIT WHERE HE AND HIS COWORKER CONSISTANTLY RETALIATE AGIANST HIM FOR THIS LAWSUIT; CONTINUE TO DENY HEALTHCARE WHEN HE HAS CHEST PAINS - INTENTIONALLY/AWARE OF SERIOUSNESS OF PLANTIFF'S CARDIAC CONDITION. THE DEFENDANT HAS ALREADY <u>COST THE PLANTIFF HIS LIFE TWICE</u>; THE PLANTIFF IS AT THE MERCY OF THE GUY WHO KILLED HIM AND IS RESPONSIBLE FOR HIM HAVING HIS PRISON SENTENCE TURNED INTO A DEATH SENTENCE - NOW LIVING UNDER THE DEFENDANT'S WHIM WHILE BEING ARMED WITH A TASER "WHICH" CAN KILL THE PLANTIFF <u>DUE TO HIS CARDIAC CONDITION</u> WHICH MAKES IT A "<u>DEADLY WEAPON</u>" TO PLANTIFF PLACING HIM IN FEAR FOR HIS LIFE AND AT RISK OF GREAT BODILY HARM. <u>HERE'S TWO EXAMPLE OF WORST CASES</u> DEFENDANT INITIATE AGGRESIVE INTERACTION/PROVOKES OR INSTIGATE A CONFRONTATIONAL SITUATION JUST SO HE CAN SAY HE FELT THREATENED AND INTENTIONALLY KILL THE PLANTIFF BY USING TASER WHICH WILL BE PROVEN PREMEDITATED MURDER W/ HIS KNOWLEDGE OF PLANTIFF'S EXTE-NSIVE HEART PROBLEMS/HISTORY VIA THIS LAWSUIT. FAILURE BY THIS COURT AND DEFENSE ATTORNEY TO SEPARATE AND PREVENT THIS FROM HAPPENING THEREBY MAKES ALL PARTIES CO-CONSPIRIORS, ACCOMPLICES AND AIDE/ABBETTORS TO FIRST DEGREE/FELONY MURDER. ALSO LIABLE FOR CIVIL/CRIMINAL ACTIONS. NOT TO MENTION HOW MY FAMILY AND LOVED ONES WILL RESPOND. THE FOLLOWING EXAMPLE IS PREDICATED OF THE SAME EVENT BUT THE PLANTIFF SEE'S DEFENDANT GRAB TASER AND IN ACCORD WITH M.C.L. 780.951-974, HE FEARS FOR HIS LIFE AND DEFEND HIS LIFE WITH...

THUS NUETRALIZING THE INITIAL THREAT LATER ANTICIPATED OF FURTHER USUAL HARM, UPON ANY ATTEMPT TO PROSECUTE OR SEGREGATE PLAINTIFF HE REACHES OUT TO ~~THE VICTIM'S~~ FAMILY AND HELP THEM FILE A WRONGFUL DEATH LAWSUIT AND CRIMINAL NEGLIGENT HOMICIDE CASE AGAINST THIS COURT CASE MAG./JUDGES AND THE ASSISTANT ATTORNEY GENERAL THAT IS THE DEFENSE LAWYER IN THIS CASE, AND THE PLAINTIFF TESTIFIES THAT THRU THIS FILING, ALL ABOVE-LISTED PARTIES WERE COMPLETELY AWARE OF THE RISK, COULD HAVE PREVENTED THE UNFORTUNATE EVENTS AND CHOSE NOT TO IN HOPES OF THE FIRST EXAMPLE OCCURRING. THE LISTED OFFICIALS INVOLVED HAVE A CIVIL DUTY, AND CONSTITUTIONAL OBLIGATION TO PROTECT BOTH THE DEFENDANT AND PLAINTIFF PURSUANT TO THE 8TH AND 14TH AMEND-MENT.

# SO SAID INJUNCTIVE RELIEF IS WARRANTED

THE PLAINTIFF HAS NO-ILL-WILL TOWARD THE DEFENDANT WHICH IS WHY HE HASN'T PRESSED CRIMINAL CHARGES YET. NOR DOES HE DEMAND HIS TERMINATION. PLAINTIFF HAS NEVER SAID A SINGLE AGGRESSIVE OR DISRESPECTFUL WORK TO OR ABOUT THE DEFENDANT IN ANY WAY

FINALLY, THE PLAINTIFF IS NOT BOUND BY ANY CONTRACTUAL AGREEMENTS WITH THE DEFENSE NOR IS HE LIMITED BY ANY RESTRICTIONS FOR INJUNCTIVE RELIEF WHICH WERE EVER PRESCRIBED BY LAW. DEFENSE ONLY REQUEST THIS COURT TO CONTINUE TO FURTHER PREJUDICE THE PLAINTIFF WITH BIAS PARTIALITY CAMOFLAUGED IN A RULING THAT RESTRICTS THE PLAINTIFF'S LIBERT-IES IN A WAY THAT WOULD "OTHER-WISE" NEVER BE IMPOSED ON THE DEFENDANT AS A GOVERNMENT EMPLOYEE IF THE ROLES WERE REVERSED AND THE PLAINTIFF MADE THE SAME REQUEST FOR THIS ADVERSARIAL RULING AGAINST THE DEFENDANT.

# LET'S NOT FORGET WHO THE VICTIM IS IN THIS CASE.

## ARGUEMENT RESPONSE TO DEF. # 2

PLAINTIFF ONLY REQUESTED THAT THE RESPONSE BE CONSIDERED AS "REPLIES" TO DEF.'S MOTION "AFTER THEY WERE FILED" THE REQUEST WAS "NEVER" TO DECIDE BEFORE. THE PLAINTIFF'S MOTION WAS NOT TO EVER BAR DEFENDANT FROM MOVING THIS COURT IN EITHER OF THESE MOTIONS. THERE IS NO COURT RULE OR CASE LAW TO RESTRICT MOTIONS PRIOR TO OPPONENT FILINGS AND THE FEDERAL COURT HAS NEVER BARRED ANY PETITIONER FROM A MOTION BEING HELD IN ABBEYANCE ESPE-CIALLY WHEN THE DEFENDANT IN THIS CASE CONSISTANTLY TAKES, DESTROY AND PREVENTS THE PLAINTIFF FROM MAILING EVIDENCE, LITIGATION, AND LEGAL WORK TO HIS OWN ATTORNEY AND THIS COURT. PLAINTIFF CAN ONLY PREPARE AND MAIL OUT FILINGS WHEN DEFENDANT AND HIS MINIONS AREN'T AT WORK WHEN EVER THE OPPORTUNITY PERMITS. IF THIS WAS A STRICT PROHABITION, THEN THE DEFENSE WOULD HAVE BEEN ABLE TO QUOTE CASE-LAW OR →

COURT RULE THAT ACTUALLY ACKNOLOGES THE PLANTIFF'S FILLING AND NOT ASK FOR SOME BIAS, PARTIAL, DISCRIMINATORY, PREJUDICIAL FAVOR FROM THIS COURT IN RENDERING SUCH A CONTRAVERIAL AND ADVERSARIAL RULLING AGIANST THE PRISONER PLANTIFF THAT HAS NO ATTORNEY

THE DEFENDANTS RELIEF REQUESTED MUST BE DENIED FOR ALL HERE-IN LISTED REASON AND TO AVOID THE VERY APPEARRANCE OF FRAUD AS LISTED IN PLANTIFF MOTION FOR MAGISTRATES DISQUALIFICATION DUE TO THE VERY SAME ACTIONS IN THE PAST OF THIS CASE THAT RESEMBLES THE BIAS PARTIALITY THE DEF. ATTORNEY HAS COME ACCUSTOM TO REQUESTING AND RELEIUING IN THIS CASE PRIOR TO SAID FILLING SO THE PLANTIFF HEREBY MOVES THIS COURT TO DENY DEFENDANT'S MOTIONS FOR RELIEF AND FRIVILOUS ARGUEMENTS.

NOTE:
THE PLANTIFF UNDERSTANDS THE MAGISTRATES PREVIOUS OUTLOOK ON THE PLANTIFF IN THIS CASE WHERE NO EVIDENCE OR PROOF OF CLAIM WAS PRESENTED. NOW THAT EVIDENCE HAS BEEN PRESENTED, TO PROVE CLAIM IS AUTHENTIC AND ALLEGATION TRUTHFUL), SAID PREJUDICES AND DISADVANTAGE US PERCEPTIONS AND THE LIKE RULLINGS/ACTIONS PREVIOUSLY PREDICATED UPON SUCH SHOULD BE HEREBY ABANDONED FROM THIS POINT ON AND A FAIR, UNBIAS, AND IMPARTIAL APPROACH AND SUBSEQUENT ACTIONS ARE HERE BY REQUESTED TO BE SET-FORTH BY THIS COURT AND IT'S MAGISTRATE/JUDGES AND FACT FINDERS IN THIS CASE FROM NOW ON. THE PLANTIFF HERE BY EXPRESSES HIS GRATITUDE FOR YOUR CONSIDERATION IN THIS MATTER.
THANK YOU

X RICHARDSON, LARRY          1/14/25
PLANT'S SIGNATURE                DATE

C.C.: ON FILE
SENT TO DEFENSE
FILE W/ DEPT. OF JUSTICE AND JUDICIAL OVERSITE COMMITTEE

NAME: _Rashaad Bell, Lacey_
Number: _361621_
Address: _2525 N. Caldwell_
Address: _St. Louis, MI 48880_



RECEIVED

JAN 23 2025

THOMAS L. LUDINGTON
U.S. DISTRICT JUDGE

487073091'3  B050

U.S. DISTRICT COURT
CLERK OF THE COURT
P.O. BOX 913
BAY CITY, MI 48707-0913

