U.S. DISTRICT COURT
ESTRN DIST OF MICHIGAN
SOUTHERN DIVISION

NO. 2:23-CV-10488

RICHARDSON, LARRY #361621
PLANTIFF
V.

NATHAN FALK
DEFENDANT

**F I L E D**
FEB 07 2025
CLERK'S OFFICE
DETROIT

BRIEF IN SUPPORT OF PLANTIFF'S MOTION TO DENY DEFENDANTS MOTION FOR SUMMARY JUDGEMENT AND DISPOSITIVE MOTION - THIS IS ALSO RESPONSE/TO AND ANSWER TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

ATTENTION: THIS IS AN EXTENSION OF THE ORIGINAL MOTION TO DENY THE DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT/DISPOSITIVE MOTION WITH ALL THE EVIDENCE ATTACHED TO IT - PLEASE REVIEW AND CONSIDER THAT MOTION AND THIS BRIEF IN SUPPORT OF THAT MOTION/RESPONSE IN TOTALITY "AS THE COMPLETE LITIGATION" OF THIS SUMMARY JUDGEMENT ISSUE AT HAND.

RESPONSE TO DEFENDANT'S ARGUEMENTS IN HIS SUMMARY JUDGEMENT MOTION

ARGUEMENT ① THE DEFENDANT IS NOT ENTITLED TO QUALIFIED IMMUNITY BECAUSE HE ACTED OUTSIDE THE SCOPE OF HIS OFFICIAL CAPACITY WITH DELIBERATE INDIFFERANCE TO THE PLANTIFF'S HEALTH AND SAFETY WHEN HE VIOLATED THE PLANTIFF'S 8TH AMENDMENT, AND 14TH AMENDMENT RIGHT.

THE DEFENDANT HAD SENT THE PLANTIFF TO HEALTH CARE AND TRANSPIRED HIM TO THE HOSPITAL AND WITNESSED THE SEVERITY OF CARDIAC CONDITION TREATMENT HE RECEIVED IN DECEMBER OF 2022 (3) SEPERATE TIMES WHILE PLANTIFF WAS HOUSED IN UNIT 2 WHERE DEFENDANT WORKED WHICH IS EVIDENCED BY THE HEALTHCARE AND CONTROL CENTER LOGS THAT THE PLANTIFF MOTIONED THE COURT TO ORDER THE DEFENDANT TO PRODUCE, WHICH THE COURT DENIED. THE COURT NEEDS TO REQUEST/REVIEW SAID EVIDENCE TO AVOID RENDERING BIAS AND PARTIAL ORDER SHOWING THE DEFENSE FAVORTISM IN THIS MATTER - TO EMBARRASSMENT IN SIXTH CIRCUIT AND PERSONAL SUIT - IF RECUSAL/DISQUALIFICATION DOESN'T OCCUR OR WE DON'T IMPOSE OUR OWN SANCTIONS IN LEIU OF SUIT.

THE DEFENDANT ORDERED THE PLANTIFF TO GO TO HIS CELL AND DIE INSTEAD OF CALLING HEALTHCARE INSTANTLY AT 8:42 PM WHEN THE PLANTIFF TOLD HIM HE WAS HAVING A HEART ATTACK, KNOWING THAT THE PLANTIFF'S CARDIAC CONDITION WAS SEVER, HE INTENTIONALLY REFUSE TO CONTACT HEALTHCARE RIGHT AWAY AND DID'NT AS THE LOG FOR 2 UNIT INDICATED UNTIL 8:53PM THEREBY INFLICTING CRUEL AND UNUSUAL PUNISHMENT/INHUMANE TREATMENT ON THE PLANTIFF BY DEPRIVING HIM OF MEDICAL TREATMENT FOR OVER TEN MINUTES DURING A HEART ATTACK AND AS THE DEFENDANT SAID IN HIS AFFIDAVIT - HE IS NO MEDICAL PROFESSIONAL SO HE WAS NOT QUALIFIED TO ASSESS THE PLANTIFF SYMPTOMS OR DISTRESS LEVELS AND GUAGE THE LEVEL OF URGENCY THE PLANTIFF'S CARDIAC CONDITION WARRANTED TREATMENT ON. SO IN THE DEFENDANT'S OWN WORDS - HE CONFESSESS TO BEING DELIBERATELY INDIFFERENT TO THE PLANTIFF'S LIFE/HEALTH AND CONSTITUTIONAL RIGHTS AND/OR PLAINLY INCOMPETENT. AS HUMPHREY V. FITZGERALD 457 U.S. 800 STATES "QUALIFIED IMMUNITY PROTECTS ALL BUT THE PLAINLY INCOMPETENT OR THOSE KNOWINGLY VIOLATE THE LAW. WELL M.C.L 24.201 STATES THAT M.D.O.C. POLICIES HAS THE FULL FORCE OF THE LAW, M.C.L 791.203 STATES THAT ANY EMPLOYEE WHO DOES NOT COMPLY WITH POLICY IS LEFT VULNERABLE TO LIABILITY OF CRIMINAL PROSECUTION AND CIVIL SUIT SO WHEN THE DEFENDANT DEPRIVED THE PLANTIFF OF MEDICAL TREATMENT FOR TEN MINUTES DURING A MASSIVE HEART ATTACK, HE VIOLATED POLICY DIRECTIVE OF M.D.O.C. P.D.03.03.130 SECTION A WHICH STATES: ALL SERIOUSLY ILL OR INJURED PRISONERS SHALL RECEIVE PROMPT MEDICAL ATTENTION IMMEDIATELY, IN P.D. 03.04.125 IT STATE ALL STAFF ARE INFORMED OF ANY SPECIAL NEEDS OF THE PRISONERS DUE TO PHYSICAL OR MENTAL PROBLEMS SO THE DEFENDANT WAS FULLY AWARE OF THE PLANTIFF HAVING A SEVER CARDIAC CONDITION AND THAT HE WAS WEARING A HEART MONITOR AT THAT TIME.

PAGE 1 OF 5

THE DEFENDANT KNEW OF THE PLANTIFF'S SERIOUS MEDICAL NEEDS AND DESPITE THAT KNOWLEDGE, FALK DISREGARDED AND RESPONDED UNREASONABLE TO THOSE NEEDS, THIS SATISFY THE SUBJECTIVE COMPONENT OF DELIBERATE INDIFFERANCE AS STATED IN COMSTOCK V. MCCRARY 273 F. 3D 693.

IN THE FIRST PART OF THIS BRIEF THAT THE COURT WAS ASKED TO HOLD IN ABBEY-ANCE TITLED MOTION TO DENY THE DEFENDANT'S MOTIONS FOR SUMMARY JUDGEMENT/DISPOSITIVE MOTION - WHICH IS THE BEGINNING OF THIS MOTION/RESPONSE; THE PLANTIFF ATTACHED THE MEDICAL RECORDS AND ARGUEMENTS TO SUPPORT EXACTLY HOW EACH ACTION THE DEFENDANT TOOK/FAILED AND REFUSE TO TAKE - INJURED AND EFFECTED THE PLANTIFF'S HEALTH, SHORTENED HIS LIFE EXPECTANCY, DAMMED THE PLANTIFF TO A DEATH SENTENCE IN PRISON, FORCED HIM TO HAVE MULTIPLE HEART ATTACKS, DIE TWICE ON THE NIGHT OF 1/27/23 WHEN HE DENIED MEDICAL TREATMENT TO THE PLANTIFF, FORCING HIM TO HAVE TO HAVE 3 MAJOR HEART SURGERIES WHICH ALL FAILED AND NOW THE PLANTIFF IS BEING TREATED BY THE U OF M TRANSPLANT DEPARTMENT AND NEED A HEART TRANSPLANT NOW. ALL EVIDENCE OF HOSPITAL RECORDS AND HEALTH CARE TREATMENT RECORDS ARE INCLUDED WITH-IN THIS BRIEF AND THIS JOINT FILING. THIS EVIDENCE HAS BEEN FILED WITH THE COURT AND PROVIDED TO THE DEFENDANT WITH A COPY OF THE MOTION TO DENY THE DEF.'S SUMMARY JUDGEMENT AND DISPOSITIVE MOT. AND THIS RESPONSE/BRIEF IN SUPPORT OF SAID MOTION. THE PLANTIFF HAS HERE-BY SHOWN THAT HE SUFFERED AN OBJECTIVELY SERIOUS INJURY AND HAVE PLACED VERIFYING MEDICAL EVIDENCE IN THE RECORD TO ESTABLISH THE DETRIMENTAL EFFECT OF THE DELAY IN MEDICAL TREATMENT IN COMPLIANCE WITH NAPIER V. MADISON COUNTY, 238 F3D 739; SEE ORIGINAL SUMMARY MOTION BY PLANTIFF REQUEST TO DENY - EVIDENCE MEDICAL RECORD EXHIBITS.

M.D.O.C. POLOLY/PROCEDURE REQUIRES CONSTANT OBSERVATION OF A PRISONER UNTIL HEALTH CARE ARRIVES AND MEDICAL TREATMENT IS RENDERED; IT DEMANDS STAFF TO CALL HEALTH CARE IMMEDIATELY/INSTANTLY UPON REPORT OF CHEST PAIN.

SENDING PLANTIFF BACK TO HIS CELL INSTEAD OF CALLING HEALTH CARE RITE-THEN-AND-THERE WAS A DIRECT VIOLATION OF M.D.O.C. POLOCY AND A VIOLA-TION OF THE PLANTIFF'S 8TH AND 14TH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT/INHUMANE TREATMENT, EQUAL PROTECTION UNDER THE LAW AND DUE PROCESS RIGHTS WHICH WAS THE DEFENDANT IN-FACT ACTING OUTSIDE THE SLOPE OF HIS OFFICIAL CAPACITY WHICH HE THEREBY LOST ALL IMMUNITIES, IND-EMNIFICATION, PROTECTION AND DEFENSES IN ACCORD WITH THE 11TH AMENDMENT BECAUSE ONCE A LAW IS DEFINED BY A CONSTITUTIONALLY GUARATEED RIGHT THAT IS PROTECTED OF A CITIZEN - IT IS A CRIME UNDER THE COLOR OF LAW TO DEPRIVE A CITIZEN OF THIS RIGHT/PRIVILEDGE... I.E. FARMER V. BRE-NNEN 511 U.S. 825.

ON THE DAY IN QUESTION WHEN THE PLANTIFF APPROACHED THE DEFENDANT AT 8:42 PM AND TOLD HIM THAT HE WAS HAVING A HEART ATTACK, TOLD HIM HE WAS WEARING A HEART MONITOR AND HAD TOOK 3 NITRO ALREADY AND HIS CHEST PAIN HAD NOT STOPPED AND HE FELT LIKE HE WAS ABOUT TO DIE AND NEEDED THE DEFENDANT TO CALL HEALTH CARE AND GET HIM THE URGENT MEDICAL TREATMENT HE NEEDED..... THE DEFENDANT TOLD HIM HE WASN'T CALLING HEALTH CARE, AND GAVE HIM A DIRECT ORDER TO GO TO HIS CELL AND DIE - DON'T DO IT ON HIS BASE; THE PLANTIFF REFUSE AND TURNED TO WALK AWAY WHEN THE DEFENDANT TOOK HIS RADIO AND CALLED THE YARD SARGENT TO COME AND PUT THE PLANTIFF IN HAND CUFFS AND TAKE HIM TO SOLITARY CONFINEMENT: HE DID NOT CALL HEALYH CARE - HE'S LYING. SARGENT HAMMER CAME IN THE UNIT TO TAKE THE PLANTIFF TO SEGREGATION AS A RESPONSE TO THE DEFENDANT CALLING FOR A ESCORT TO SEG. NOT TO HEALTH CARE: OR SGT. HAMMER WOULD HAVE WALKED IN WITH THE PLANTIFF ESCORTING HIM TO HEALTH CARE; NOT LEAVING THE UNIT BEFORE THE PLANTIFF ON CAMERA.

BEFORE SGT. HAMMER LEFT THE UNIT - UPON HIS ARRIVAL TO TAKE THE PLAINTIFF TO SEGREGATION, HE DISCOVER THAT THE PLAINTIFF CAN'T WALK BACK TO HIS CELL BECAUSE HE WAS HAVING A HEART ATTACK SO SGT. HAMMER ORDERED THE DEFENDANT TO SEND THE PLAINTIFF TO HEALTH CARE IMMEDIATELY - AND AT THAT TIME -8:53PM THE CALL WAS MADE 11 MINUTES AFTER THE PLAINTIFF REPORTED THE HEART ATTACK TO THE DEFENDANT - 11 MINUTES IS AN ETERNITY DURING A HEART ATTACK IN WHICH A SIGNIFICANT AMOUNT OF DAMAGE WAS SUSTAINED CARDIACLY DURING THAT TIME. SEE ATTACHED MEDICAL HOSPITAL RECORDS IN EXHIBITS THAT DATE FROM 1/27/23 UNTIL 12/31/23 TO CONFIRM VERIFICATION.

UPON LEAVING TWO UNIT FOR HEALTH CARE ON 1/27/23, THE PLAINTIFF WITNESSED THE DEFENDANT RADIO/CALL THE NURSE JOSHUA LENNEMAN AND TELL HIM THAT THE PLAINTIFF WAS ON HIS WAY - WHEN THE NURSE ASKED IF IT WAS URGENT OR COULD IT WAIT UNTIL HE PASSED OUT THE MEDICATION TO ONE AND SEVEN UNIT, THE DEFENDANT TOLD THE NURSE "IT CAN WAIT UNTIL YOU PASS OUT MEDS - THIS PRISONER IS ONLY TRYING TO AVOID GOING BACK TO HIS CELL, "TAKE YOUR TIME".

AS A RESULT, THE NURSE DID NOT RETURN TO HEALTH CARE UNTIL 9:31PM ONLY TO FIND THE PLAINTIFF LAYING ON THE FLOOR OF THE HEALTH CARE LOBBY IN CARDIAC ARREST - DEAD! THE AMBULANCE ARRIVED AND RESSUCCITATED THE PLAINTIFF WHICH TOOK 20 MINUTES AND LEFT THE PRISON WITH THE PLAINTIFF AT 9:51PM. THAT'S A HOUR AND 9 MINUTES AFTER THE PLAINTIFF INFORMED THE DEFENDANT THAT HE WAS HAVING A HEART ATTACK.

AS A DIRECT CONSEQUENCE OF THE DEFENDANT'S ACTIONS, THE PLAINTIFF DIED AGAIN THAT NIGHT AT ALMA HOSPITAL, WAS THEN MOVED TO MCLAREN HOSPITAL - DIED FOR 12 MINUTES AS EVIDENCE IN THE ATTACHED EXHIBITS (FILED W/ORIG. MOT. TO DENY SUM. JGMT OF DEF), AND THEN MOVED TO U OF M HOSPITAL HAVING TO HAVE 3 MASSIVE HEART SURGERIES THAT ALL FAILED AND NOW IS BEING TREATED BY THE U OF M CARDIAC TRANSPLANT DEPARTMENT IN NORTHVILLE AND NEEDS A HEART TRANSPLANT OR THE PLAINTIFF WILL DIE! HIS LIFE EXPECTANCY EXPIRED 8 MONTHS AGO. THE PLAINTIFF IS LIVING ON BARROWED TIME NOW - THE DEFENDANT HAS TURNED THE PLAINTIFF'S PRISON SENTENCE INTO "A DEATH SENTENCE".

THE PLAINTIFF HAS HERE-BY MET THE OBJECTIVE COMPONENT OF THE TWO PRONG TEST THE DEFENDANT MENTIONED IN HIS SUMMARY JUDGEMENT MOTION. SEE THE ENTIRE DEPOSITION RECORD OF THE PLAINTIFF AS THE DEFENDANT ONLY PROVIDED THE SECTIONS THAT CONVINCES THE COURT TO PRODUCE A PARTIAL AND BIAS RULING "AGAINST THE PLAINTIFF." MAKE THEM GIVE YOU THE WHOLE RECORD TO REVEIW BEFORE RENDERING A RULING - WITHOLDING EVIDENCE FROM THE FACT-FINDER IS FRAUD UPON THE COURT. ON TO ARGUEMENT #2

PAGE 3 OF 5 →

THE DEFENDANT'S ACTIONS DEPRIVED THE PLAINTIFF OF THE RIGHT TO PROMPT MEDICAL TREATMENT DUE TO HIS SERIOUS ILLNESS WHICH HE WAS AWARE OF DUE TO SENDING PLAINTIFF TO HEALTHCARE MULTIPLE TIMES AND TRANSPORTING HIM TO AND FROM THE HOSPITAL PERSONALLY DUE TO PLAINTIFF'S EXTENSIVE CARDIAC HISTORY. P.D. 03.03.130 SECTION 14, P.D. 03.04.125 AFFORDS THE PLAINTIFF THE RIGHT TO PROMPT MEDICAL TREATMENT DURING MEDICAL EMERGENCIES I.E. HEART ATTACK AND THE EIGTH AMENDMENT OF THE U.S. CONSTITUTION GAURANTEES THE RIGHT TO MEDICAL TREATMENT IMMEDIATE TO PREVENT SUBSTANTIAL RISK OF INJURY OR DEATH TO PLAINTIFF AND ~~THEIR~~ THESE RIGHTS WAS INTENTIONALLY DEPRIVED WITH DELIBERATE INDIFFERANCE BY THE DEFENDANT - EVIDENCED BY THE DELAYS, THE STATEMENT "I'M GIVING YOU A DIRECT ORDER TO GO BACK TO YOUR CELL AND DIE - DON'T DO IT ON MY BASE" THESE ACTIONS OF THE DEFENDANT DEPRIVED THE PLAINTIFF OF RIGHTS, PRIVILEDGES AND PROTECTIONS GUARANTEED BY THE U.S. CONSTITUTION IN THE EIGTH AMENDMENT AND AFFORDED BY M.D.O.C. POLOCY DIRECTIVES P.D. 03.03.130 SEC 14 AND P.D. 03.04.125 AS PROTECTION AND ENFORCED BY M.C.L 24.201 WHICH STATES M.D.O.C. POLOCY HAS THE FULL FORCE OF LAW I.E. M.C.L 791.203 SO WHEN THESE RIGHTS, PRIVILEDGE AND PROTECTIONS WERE DEPRIVED WITHOUT A HEARING, IT VIOLATED THE 14TH AMENDMENT DUE PROCESS CLAUS AND SINCE POLOCY HAS THE FULL FORCE OF LAW - HIS ACTIONS ALSO VIOLATED THE PLAINTIFF'S RIGHT TO EQUAL PROTECTION UNDER THE LAW AS WELL AS HIS RIGHT TO DUE PROCESS. SO THE PLAINTIFF'S 14TH AMENDMENT CLAIM CAN-NOT BE DISMISSED!

FINALLY, THE PLAINTIFF IS HOUSED AT THE PRISON THIS ALL HAPPENED AT AND IN THE UNIT WITH THE DEFENDANT UNDER HIS SUPERVISION W/HIM AND HIS CO-WORKERS RETALIATING AGIANST HIM AND CONSISTANTLY TRAUMATIZING HIM W/TICKETS, SOLITARY CONFINEMENTS, PROPERTY DESTRUCTION, LEGAL WORK THEIFT, CONFISCATION OF LEGAL MAIL HE SENT OUT TO DEFENDANT'S ATTORNEY/EVIDENCE! THE PLAINTIFF HAS BEEN DIAGNOSED WITH P.T.S.D, ANXIETY, AND DEPRESSION DISORDER AND ARE BEING MEDICALLY TREATED FOR THIS AS A DIRECT RESULT OF THE TRAUMA HE SUFFERED FROM THIS INCIDENT AND BEING FORCED TO RELIVE EVERY DAY. THE DEFENDANT HAS A TASER ON HIM AT ALL TIMES - THE PLAINTIFF HAS A HEART CONDITION MAKING THAT TASER A DEADLY WEAPON WHICH PLACES THE PLAINTIFF IN FEAR FOR HIS LIFE AND AT RISK OF GREAT BODILY HARM CONSISTANTLY. THE PLAINTIFF WILL NOT GIVE THE DEFENDANT A CHANCE TO TAKE HIS LIFE AGAIN SO IF HE REACHES FOR THAT TASER - THE PLAINTIFF ~~IN~~ INVOKES M.C.L. 791.951-974 - SELF-DEFENSE LAW.... THE REQUESTED INJUNCTIVE RELIEF IS A ATTEMPT TO LEGALLY PREVENT THIS PRISON FROM BEING PUT ON THE NEWS AND HAVE TO COWER THE FLAG OUT FRONT AND FLY IT AT HALF-STAFF. IT WILL ALSO PREVENT ME AND MY FAMILY - ORGANIZATION FROM HAVING TO DO A BUNCH OF PRESS RELEASES AND TESTIFY AGIANST THE OFFICERS IN THIS COURT AND ASS. ATTORNY GEN WHO REPRESENTS THE DEFENDANT, IN A WRONGFUL DEATH LAWSUIT AND NEGLIGENT HOMICIDE CRIMINAL CASE ON BEHALF OF THE VICTIM'S FAMILY DUE TO MY SELF DEFENSE SO THE INJUNCTIVE RELIEF IS A MUST TO PROTECT ALL OF US. PAGE 4 OF 5

WITH ALL THE HERE IN STATED FACT AS A SUPPORTING BRIEF TO THE ORIGINAL MOTION FILED WITH THIS COURT FOR DENIAL OF DEFENDANT'S SUMMARY JUDGEMENT AND DISPOSITIVE MOTION, ALONG WITH ALL THE MEDICAL RECORDS AND SUPPORTING EVIDENCE ATTACHED - THE PLANTIFF HAS SHOWN AND PROVEN THAT THE PLANTIFF HAS EVERY RIGHT TO THE RELIEF HE'S REQUESTED AND THE DEFENDANT HAS ABSOLUTELY NO RIGHT TO ANY OF THE RELIEF HE'S REQUESTED - NONE OF THE PLANTIFF'S CLAIMS CAN BE DISMISSED NOR SHOULD ANY RELIEF BE DENIED.

## FOR-AND-ON-THE-RECORD

IT IS A LONG HELD FEDERAL COURT PRECEPT HELD IN CONSTITUTIONAL LAW THAT NO DEFENDANT IS ENTITLED TO SUMMARY JUDGEMENT RELIEF WHEN THERE IS A GENUINE DISPUTE OF MATERIAL FACT. (AS HERE IN THIS CASE) ONLY A FACT FINDER AT TRIAL MUST WEIGH THE EVIDENCE THEN TO RENDER A CONSTITUTIONALLY IMPARTIAL AND UNBIAS FINDING IN PREVENTION OF CONSTITUTIONAL VIOLATION.

THE PLANTIFF HEREBY PRAYS THIS COURT SET ASIDE IT'S DIFFERANCES AND PRODUCE A FAIR RULLING IN THIS MATTER BY DENYING THE DEFENDANT SUMMARY JUDGEMENT AND GRANTING THE PLANTIFF'S RELIEF REQUESTED.

X RICHARDSON, LARRY    361621   2/3/25

C.C.: ATTY GEN/DEFENDANT
      ON FILE
      ATTORNEY GRIEVANCE COMMISSION

IN NO WAY WAS ANY OF THIS HERE IN CONTAINED LITIGATION - A THREAT.
ONLY A DISPLAY OF WORST CASE SCENARIO OUTCOMES I HOPE TO AVOID BY DOING THE RIGHT THING HERE W/THIS LITIGATION.
                NO ILL WILL INTENDED.
                        PAGE 5 OF 5

**NAME:** RICHARDSON, LARRY
**Number:** 301621
**Address:** 8585 N. CRESWELL
**Address:** ST. LOUIS MI 48880

GRAND RAPIDS MI   493

5 FEB 2025   PM 6  L

★ USA ★ FOREVER ★

U.S. DIST. COURT
OFF. OF THE CLERK
1000 WASHINGTON AVE
PO BOX 913
BAY CITY MI  48707-0913

**RECEIVED**

FEB 07 2025

THOMAS L. LUDINGTON
U.S. DISTRICT JUDGE

48707-091913

URGENT COURT DEADLINE



© USPS 2019

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

FSC
MIX
Envelope
FSC® C137131

REDATE   FEB 04 2025

U.S. POSTAGE
5756