UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LARRY RICHARDSON, | Case No. 2:23-cv-10488 |
| *Plaintiff,* | Susan K. DeClercq<br>United States District Judge |
| v. | |
| NATHAN FALK, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendant.* | |
| _____/ | |

**ORDER
DENYING PLAINTIFF'S MOTION FOR THE
APPOINTMENT OF COUNSEL OR THE UNDERSIGNED'S
RECUSAL AND DISQUALIFICATION (ECF No. 51)
AND
DENYING PLAINTIFF'S MOTION TO HOLD
RESPONSE IN ABEYANCE (ECF No. 56) AS MOOT
AND
STRIKING PLAINTIFF'S FILING DOCKETED AS ENTRY No. 50**

I.   **Introduction**

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Larry Richardson is suing Defendant Nathan Falk for alleged violations of his rights under the Eighth and Fourteenth Amendments.[1]  (ECF Nos. 13).

---

[1] After screening the complaint, the Honorable Terrence G. Berg dismissed all of Richardson's claims against other individuals. (ECF No. 7).  The case was later reassigned to the Honorable Susan K. DeClercq.  The Undersigned has served as the assigned magistrate judge for the entire duration of the case.

1

There are currently three pending motions: (1) Richardson's motion for the appointment of counsel or the Undersigned's recusal and disqualification (ECF No. 51); (2) Richardson's motion to hold his response in abeyance (ECF No. 56); and (3) Falk's motion for summary judgment (ECF No. 54). As will be explained, this Order will **DENY** the first motion, and **DENY** the second motion **AS MOOT**. The third motion will be the subject of a future Report and Recommendation. Finally, Richardson's filing titled, in part, as "Damages Adjustment" (ECF No. 50) will be **STRICKEN**.

## II.  First Motion

Richardson moves for the appointment of counsel or in the alternative for the Undersigned's recusal and disqualification. Both requests will be denied.

### A.  Appointment of Counsel

Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiff's ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corr.*, 333 F. App'x 914, 917–18 (6th Cir. 2009). The complexity of the case and the plaintiff's ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, the plaintiff's prior *pro se* experience is relevant to their ability to manage their current cases. *Id.*

This is Richardson's second time moving for the appointment of counsel. (ECF No. 24). His first motion was denied without prejudice a little over a year ago. (ECF No. 25). In the order denying his first motion, it was explained that Richardson's

> complaint and motion practice demonstrate that he can state his claims, argue his positions, and request relief from the Court. (*See, e.g.*, ECF Nos. 1, 3, 22). The Court does not find the issues raised in the case to factually or legally complex. [Richardson] has raised his mental and medical conditions as grounds for why counsel should be appointed but does not explain how these conditions limit his ability to continue representing himself in the action. In fact, [Richardson's] filings to date demonstrate that he remains capable of aptly litigating this matter. He also raises concerns that he will not receive the requested discovery (e.g., camera footage, entry/exit log records, etc.). (ECF No. 24, PageID.78). However, it appears from his papers that this concern is nothing more than hypothetical as he has not included any allegations

3

demonstrating that such requests were made by him and/or denied by [Falk]. (*Id.*).

(*Id.* at PageID.82–83).

In the instant motion, Richardson states that he requires the appointment of counsel due to his financial inability to pay for legal representation, the difficulties of litigating the case as a prisoner confined in segregation, his severe mental illness, and unfavorable rulings on all of his prior motions. (ECF No. 51, PageID.376). Richardson filed this motion on January 7, 2025; by this date discovery had been closed for over a month and the dispositive motion deadline was only a few weeks away. (ECF No. 41). As such, Richardson's concerns about discovery were no longer relevant at the time he filed his motion. Further, in the time since he filed this motion, Falk has filed a motion for summary judgment to which Richardson timely filed a response and Falk timely filed a reply. (ECF Nos. 54, 58, 59).

Because discovery is closed and a fully briefed dispositive motion is pending, there is currently no work for an appointed attorney to do in this case. If any claims remain after Falk's motion for summary judgment is ruled upon, then Richardson may file a renewed motion for the appointment of counsel. For now, his motion for the appointment of counsel is denied without prejudice.

### B. Recusal and Disqualification

Richardson further requests that if his request for the appointment of counsel is denied, the Undersigned recuse or disqualify herself from acting as the assigned

4

magistrate judge for this case. (ECF No. 51, PageID.377). He argues that the Undersigned's actions and rulings demonstrate that she is prejudiced against him. (*Id.*).

Section 455(a) provides that a "magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Additionally, § 455(b)(1) requires a magistrate judge to disqualify herself "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" *Id.* § 455(b)(1).

> The alleged bias or prejudice on the part of the judge must be personal, that is, directed against a party. *In re Cooper*, 821 F.2d 833 (1st Cir.1987); *United States v. Kelley*, 712 F.2d 884 (1st Cir. 1982). Additionally, the legal standard to be applied under sec. 455 is a reasonable man standard. When a motion is brought under sec. 455, the standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality toward a party might reasonably be questioned. *Trotter v. International Longshoremen's and Warehousemen's Union*, 704 F.2d 1141 (9th Cir.1983); *United States v. Greenough*, 782 F.2d 1556 (11th Cir. 1986). Further, under sec. 455, there is as much obligation for the judge *not* to recuse himself when the circumstances demonstrate that there is no occasion to do so as there is for him to recuse himself when there is reason to do so. *Wolfson v. Palmieri*, 396 F.2d 121 (2d Cir. 1968).

*Deuer Mfg., Inc. v. Kent Prods., Inc.*, 760 F. Supp. 609, 610–11 (E.D. Mich. 1989) (emphasis in original).

"When arguing bias, two sets of circumstances present grounds for a judge to recuse herself: the 'Extrajudicial Source Factor,' and the 'Pervasive–Bias

5

Exception.' " *In re Byers*, 509 B.R. 577, 583 (Bankr. S.D. Ohio 2014) (internal footnote omitted). To prevail under the Extrajudicial Source Factor, the moving party "must demonstrate an alleged bias that 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case.' " *Id.* (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003)). Meanwhile to prevail under the Pervasive-Bias Exception, the moving party must demonstrate "on the basis of events occurring in the course of the current proceedings . . . that those events display a deep-seated and high degree of antagonism or favoritism." *In re Haas*, 292 B.R. 167, 178 (Bankr. S.D. Ohio 2003). Richardson's motion is best understood as arguing for disqualification under the Pervasive-Bias Exception.

Critically, "[j]udicial rulings and remarks not based on an extrajudicial source 'almost never constitute a valid basis' for recusal." *Id.* at 178–79 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "[D]isqualification is warranted only when judicial rulings and remarks not based on extrajudicial sources rise to 'such a high degree of favoritism or antagonism as to make fair judgment impossible.' " *Id.* at 179 (quoting *Liteky*, 510 U.S. at 555).

Richardson's argument in support of recusal or disqualification concerns only the Undersigned's rulings and actions in this case. He has not pointed to a specific ruling that demonstrates either antagonism toward him or extreme favoritism for

6

Falk.  If Richardson disagrees with the Undersigned's rulings, he may file objections for the district judge's consideration.  But disagreement with her rulings alone is not a sufficient basis for recusal or disqualification.  *Cf. Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 641 (7th Cir. 2002) ("[J]udicial rulings are grounds for appeal, not recusal.").

Ultimately, Richardson has not persuaded the Undersigned that she has displayed "an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of [her] rulings or findings." *Liteky*, 510 U.S. at 557.  Therefore, his motion is denied.

## III. Second Motion

Richardson's next motion requests that he not be required to file a response or a motion until Falk files a dispositive motion.  (ECF No. 56).  Richardson was never required to file a response to an unfiled motion nor to file a dispositive motion himself.  Moreover, Falk has now filed a motion for summary judgment[2] (ECF No. 54) and Richardson has filed a response to that motion (ECF No. 58).  Accordingly, Richardson's motion is denied as moot.

---

[2] Even though Richardson's motion was filed before Falk's motion for summary judgment, it was not docketed until two days after the motion for summary judgment.  (*See* ECF Nos. 54, 56).

## IV. <u>Docket Entry No. 50</u>

Docketed at entry no. 50 is a filing from Richardson titled, in part, as "Damages Adjustment." Falk filed a response to this filing in which he treats it as a motion to amend the complaint. (ECF No. 57). However, both the title and content of the filing suggest that it is better understood as an amended "computation of each category of damages claimed by the disclosing party" under Federal Rule of Civil Procedure 26(a)(1)(A)(iii). Rule 26(e)(1)(A) requires that a party supplement their damage computation "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]"

Eastern District of Michigan Local Rule 26.2 provides that discovery materials should not be filed on the docket except under limited circumstances, none of which apply here. Given that this filing is considered discovery material under the Federal Rules, it should not have been submitted to the Court for filing. Accordingly, the filing will be stricken from the docket.

## V. <u>Conclusion</u>

For these reasons, Richardson's motion for the appointment of counsel or the Undersigned's recusal and disqualification (ECF No. 51) is **DENIED**, and his motion to hold his response in abeyance (ECF No. 56) is **DENIED AS MOOT**.

Additionally, Richardson's filing docketed as entry no. 50 is **STRICKEN**.

    **IT IS SO ORDERED.**

Date:  March 19, 2025                          <u>s/PATRICIA T. MORRIS</u>
                                                        Patricia T. Morris
                                                        United States Magistrate Judge